*10
 
 Pearson, J.
 

 The plaintiffs in their petition allege, that the public convenience would be promoted by making a new road from Cnnnmghnm’s old place, to a fork near William Bingham’s plantation, running by Davis’ tanyarcf, John Hammond’s and on by Ferguson’s
 
 smith-shop',
 
 and by discontinuing’ the old road between those two points, .The prayer is that a new road be established between, the two points, passing by the places designated, and that the old road be discontinued. The defendants .object to the change in the road, They oppose the new road and. insist that the old road should not be- discontinued,.
 

 The County Court ordered the new road to be laid ofi and the old road to be discontinued* The defendants appealed and the Superior Court refused to establish the new road or to discontinue the old road, but it was ordered that a new road be laid off from Ferguson’s smith-shop, to the fork near William Bingham’s plantation, and it was further ordered that the defendants pay the costs, from which latter order they appealed.
 

 The defendants were certainly left “in possession of the field of battle,” and we are at a loss to see upon what ground they were required to pay the costs. Whether under this proceeding, the Court had the right to establish the road, which is ordered to belaid off, is not submitted to us; as the appeal is only from the judgment as to the, costs. But it might well have been questioned. There was no petition in writing, setting forth that such a road would promote the convenience of the public, and no notice was given that application would be made for it ; so that although there was proof of its utility, it was
 
 “pro* bata” sed non “allegata.”
 
 An application for a road, from one point to another, does not include a road from one of the points to any intermediate point: for grant that the road, if laid out the whole distance, would be useful,
 
 non constat,
 
 that, if it stopped half way, it would be of any manner of use : in general jt would not. A fence en~
 
 *11
 
 closing the whole field would protect the crop, but if it stops half way, it is of no use« In this case it only appears incidentally, that there is a road to Fayetteville, which passes by Ferguson’s smith-shop, into which the now road will lead,
 

 Waiving this question, the controversy was, shall the old road be discontinued between certain points and a new road made in its stead. This was decided in favor of the defendants and they were entitled to recover their costs. There is a plain distinction between an application for á road and an ordinary action at law, in which the plaintiff seeks to recover the whole, and
 
 every part
 
 of his demand, for a road is an
 
 entire thing.
 
 If the petitioner’s, in the event that the whole is not established, desire that it be established to an intermediate point, this should be sot forth in the petition, and then it would appear, whether the defendants opposed
 
 the part
 
 as well as the whole. In this case, it docs not appear that the
 
 defendants made any objection
 
 to
 
 the road which his Honor or - dered to be laid
 
 out, and it can make no difference, that this road happened to pass over a part of the ground, over which the road applied for was to run.. It is true, “the whole includes till of its parts/’ but that supposes that the whole has an existence: hero “the whole” was refused, and it is an obvious fallacy, to say, in reference to .this question, that the road, established by the Superior Court, is a part of the road which the petitioners applied for-
 

 Per Cukiaewu The judgment below must
 
 he
 
 reversed and the defendants must have judgment for their costs.